UNITED STATES of America, Appellee,

v.

Cynthia Yvette ANDERSON, Defendant–Appellant.

No. 466, Docket 93–1097.

United States Court of Appeals, Second Circuit.

Argued Nov. 1, 1993.

Decided Feb. 17, 1994.

Robert C.E. Laney, Westport, CT (Stanley P. Atwood, Sherwood, Garlick, Cowell, Diviney & Atwood, of counsel), for defendant-appellant.

Joseph W. Martini, Asst. U.S. Atty., Bridgeport, CT (Albert S. Dabrowski, U.S. Atty., Nicholas A. D'Agosto IV, Law Student Intern, of counsel), for appellee.

Before: OAKES, KEARSE, and ALTIMARI, Circuit Judges.

OAKES, Senior Circuit Judge:

## I. BACKGROUND

On February 4, 1991, Cynthia Anderson pleaded guilty to one count of fraudulent use of a credit card in violation of 18 U.S.C. § 1029(a)(2) (1988).

The United States District Court for the District of Connecticut, T.F. Gilroy Daly, *Judge*, sentenced Anderson to a six-month term of imprisonment followed by a three-year term of supervised release.[1] In addition to the standard conditions of supervised release, Judge Daly imposed the following conditions:

> 1. Anderson must "not commit another federal, state, or local crime and shall not illegally possess a controlled substance;"
>
> 2. Anderson must "not possess a firearm or destructive device;" and
>
> 3. Anderson must "participate in a Substance Abuse Program, as an in/out patient, including urinalysis, at such times and under such conditions as U.S. Probation directs."

Anderson completed her term of imprisonment and began her period of supervised release on August 28, 1991.

On October 20, 1992, Anderson's probation officer filed a petition for probation revocation. On January 26, 1993, Judge Daly found that Anderson had violated the three special conditions of her supervised release. For these violations, Judge Daly determined that the relevant Sentencing Guidelines policy statements suggested a sentencing range of 6–12 months. Judge Daly noted, however, that the statutory maximum for such violations was 24 months. Judge Daly then sentenced Anderson to 17 months' in prison, stating:

> In my view you've made little or no effort to adjust to supervision. You've taken no responsibility regarding your obligations to the probation office of this court or to the Stamford Superior Court. You have been uncooperative with the prison officials, according to my information, as well as with the U.S. Marshal Service as recently [as] on the plane trip up here today. You need

I think, in my judgment, intensive substance abuse and psychological treatment in a structured environment and, therefore, I'm going to depart upward from the policy statement recommendation to a period of incarceration of 17 months. I do it for the reasons I've just stated. And for you to enter the 1,000 hour intensive drug program at FCI Lexington, Kentucky where I hope you'll be accepted.

Anderson filed a timely notice of appeal on February 3, 1993.

## II. DISCUSSION

This appeal presents the question whether, under the Sentencing Reform Act of 1984, a court may consider a defendant's need for medical care, including drug treatment/rehabilitation programs, in determining the length of time the offender shall be required to serve in prison following the revocation of supervised release.

### A. Judicial Discretion in Federal Sentencing

The history of the Sentencing Reform Act, the Sentencing Commission, and the Sentencing Guidelines has been told often. Most recently, it has been told well. *See, e.g.,* Kate Stith and Steve Koh, *The Politics of Sentencing Reform: The Legislative History of the Sentencing Guidelines,* 28 Wake Forest L.Rev. 223 (1993). Through the Sentencing Reform Act, Congress sought to respond to calls for a reduction in sentence disparity caused, allegedly, by too much judicial discretion. *See, e.g.,* Marvin Frankel, *Criminal Sentences: Law without Order* (1973); Joseph C. Howard, "Racial Discrimination in Sentencing," 59 Judicature 121 (October, 1975). As many have recognized, however, the Sentencing Reform Act and its progeny have not completely realized the goal of sentence equality. Notwithstanding six editions of the Federal Sentencing Guidelines, sentence disparity remains a vexing problem. In fact, many argue that the Guidelines have increased disparity, particularly across different racial groups. *See, e.g.,* Remarks of José A. Cabranes, Chief Judge, United States District Court for the District of Con-

---

1. Judge Daly also imposed a mandatory $50.00 special assessment.

necticut, "Reforming the Federal Sentencing Guidelines: Appellate Review of Discretionary Sentencing Decisions," University of Puerto Rico School of Law, Oct. 25, 1993, *reprinted in* Conn.L.Trib. at 15 (Nov. 8, 1993); Daniel J. Freed, *Federal Sentencing in the Wake of Guidelines: Unacceptable Limits on the Discretion of Sentencers,* 101 Yale L.J. 1681 (1992).[2]

While the Sentencing Commission has attempted to cabin judicial discretion within narrow procedural and substantive limits, it has not yet completely eradicated judicial discretion from our system. Although some appellate courts have a difficult time understanding that the exercise of judicial discretion is a necessary and important role in the administration of our criminal justice system, *See* Freed, *supra* at 1728, it is clear to others. *See, e.g., United States v. Rivera,* 994 F.2d 942, 950–951 (1st Cir.1993) (Breyer, C.J.) (advocating review of departures from the guidelines under a standard that affords "full awareness of, and respect for" a district court's "special competence" in determining whether "the given circumstances ... are usual or unusual, ordinary or not ordinary, and to what extent"). The fact that the Sentencing Reform Act has not completely removed judicial discretion from our system, of course, is for the best; although judicial discretion undoubtedly may result in some sentencing disparities, it is also that which enables our courts to fashion individualized sentences essential to just administration of the criminal law. *Cf. Woodson v. North Carolina,* 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976) ("While the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative, we believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death.") (citation omitted); Freed, *supra,* 101 Yale L.J. at 1753–54.

### B. Discretion over the Form and Length of Sentences

This case calls for us to discern from the Sentencing Reform Act of 1984 and the resulting Guidelines some of the ways in which judicial discretion has been fettered and the ways in which it has not. Importantly for this case, the Guidelines provided at the time of appellant's initial sentencing, as they do now, for some judicial discretion when sentencing first offenders with relatively low offense levels. For very low offense levels (one through six), the court "may elect to sentence an offender to probation (with or without confinement conditions)." United States Sentencing Commission, *Guidelines Manual,* Ch. 1, Pt. A, at 1.7 (Nov.1990).[3] For slightly higher offense levels (seven through ten), a court may still elect to sentence an offender to probation but must impose certain confinement conditions. *Id.* At just higher offense levels (eleven and twelve), a court must impose some prison time, but may impose a period of "supervised release." *Id.* For first-time offenders with low offense levels, therefore, the Guidelines permit a degree of judicial discretion in choosing the appropriate *form* of punishment.

Once a court has chosen a particular form of punishment, the Sentencing Reform Act and the Guidelines impose some limitations on the factors a court may consider in determining the length of the sentence. These limitations are most severe when the court chooses to impose a term of imprisonment. Specifically, under 18 U.S.C. § 3582(a) (1988) and 28 U.S.C. § 994(k) (1988) a court may not "imprision [ ] as a means of promoting rehabilitation" or serving medical needs. *See*

---

**2.** It goes almost without saying that many judges have been unable to reconcile themselves with the Sentencing Guidelines. *See, e.g., United States v. Harrington,* 947 F.2d 956, 963–970 (D.C.Cir.1991) (Edwards, J., concurring); "Conference on the Federal Sentencing Guidelines: Summary of Proceedings," 101 Yale L.J. 2053, 2071 (1992) (statement of The Hon. Nathaniel R. Jones); Jack B. Weinstein, *A Trial Judge's Second Impression of the Federal Sentencing Guidelines,* 66 So.Cal.L.Rev. 357 (1992).

**3.** This aspect of the Sentencing Guidelines has remained unchanged. *See* United States Sentencing Commission, *Guidelines Manual,* Ch. 1, Pt. A, at 7 (Nov.1993).

*Mistretta v. United States,* 488 U.S. 361, 367, 109 S.Ct. 647, 652, 102 L.Ed.2d 714 (1989).

A court's authority to impose a term of imprisonment is governed by 18 U.S.C. § 3582. Subsection (a) of Section 3582 provides:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

18 U.S.C. § 3582(a). Thus, Section 3582(a) refers courts to the factors set forth at Section 3553(a):

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> .     .     .     .     .
>
> (2) the need for the sentence imposed—
>
> .     .     .     .     .
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a) (1988). Thus, although these factors permit courts to take "medical care" and "correctional treatment" into consideration in determining the particular sentence to impose, the clause in § 3582(a) explicitly provides that courts shall recognize "that *imprisonment* is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a) (emphasis added). This limitation is further reinforced by a statutory directive to the Sentencing Commission mandating that:

> The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training,

medical care, or other correctional treatment.

28 U.S.C. § 994(k). As this court has previously observed, Congress enacted 28 U.S.C. § 994(k):

> to be sure that no defendant was locked up in order to put him in a place where it was hoped that rehabilitation would occur. Incarceration would have to be justified by such traditional penological purposes as incapacitation, general deterrence, specific deterrence, and retribution.

*United States v. Maier,* 975 F.2d 944, 946 (2d Cir.1992).

### C. Discretion to Consider Medical Care and Correctional Treatment in Imposing a Sentence other than Imprisonment

Where a district court chooses to sentence the defendant to a form of punishment other than imprisonment, the limitations on judicial discretion are less severe. When a district court has chosen to sentence an offender to a period of supervised release, for example, that court may consider the factors set forth at 18 U.S.C. § 3553(a), *including* correctional purposes of the sentence and the medical needs of the offender. *See Maier,* 975 F.2d at 946–947 (stating that "Congress expressed no hostility to rehabilitation as an objective of *sentencing* "). Because a period of supervised release is not a sentence of imprisonment, the limitations on sentences of imprisonment contained in 18 U.S.C. § 3582(a) and 28 U.S.C. § 994(k) do not apply. *See Id.; United States v. Harris,* 990 F.2d 594, 596 (11th Cir.1993) (following *Maier* ).

### D. Discretion to Consider Medical Care and Correctional Treatment in Revoking Supervised Release and Requiring an Offender to Serve Time in Prison

The question in this appeal is what limitations on judicial discretion apply to a court in determining the length of time that an offender will be required to serve in prison following a violation of a condition of supervised release. The statute governing revocation of a term of supervised release is 18 U.S.C. § 3583(e). That section provides:

Modification of Conditions or Revocation [of a term of supervised release after imprisonment].—The court may, after considering the factors set forth in [Section 3553(a)(2)(D) ]—

. . . . .

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony....

18 U.S.C.A. § 3583(e) (1988 & Supp.1990). This section contains no reference to 18 U.S.C. § 3582. Accordingly, the Government argues, a court may consider the factors contained in 18 U.S.C. § 3553(a) including the correctional purposes and medical needs in requiring an offender to serve a period of time in prison without regard to the limitation contained in Section 3582.

A term of supervised release after imprisonment may be included in a sentence pursuant to 18 U.S.C. § 3583. *See United States v. Bermudez,* 974 F.2d 12, 13 (2d Cir.1992) (per curiam). Subsection (c) of Section 3583 provides that a court "in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)." 18 U.S.C. § 3583(c). Several courts have recognized that this section authorizes district courts to consider the medical and reha-

bilitative needs of the offender. Subsection (e) of Section 3583 provides for the revocation of a term of supervised release and gives district courts authority to require an offender to serve time in prison following revocation of probation. *See Bermudez,* 974 F.2d at 14. Like subsection (c), subsection (e) expressly directs the court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)." 18 U.S.C. § 3583(e). Like subsection (c), subsection (e) contains no express reference to 18 U.S.C. § 3582 or to 28 U.S.C. § 994.

■ Far from explicitly contemplating the applicability of 18 U.S.C. § 3582 or 28 U.S.C. § 994, 18 U.S.C. § 3583 appears to contemplate that the limitations will not apply and that such factors as the medical and correctional needs of the defendant may be considered by a district court. Upon revocation a district court may "require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3). Thus, the statute contemplates that a district court may require a person to serve time in prison equal to the length of the term of supervised release. In determining the length of a period of supervised release, it will be recalled, a district court may consider such factors and the medical and correctional needs of the offender. *Maier,* 975 F.2d at 947–948. Because those factors may be considered in determining the length of the period of supervised release and because a district court may require a person to serve in prison the period of supervised release, the statute contemplates that the medical and correctional needs of the offender will bear on the length of time an offender serves in prison following revocation of supervised release.[4] We conclude, therefore, that a court may consider an offender's medical and correctional needs when requiring that offender to serve time in prison upon the revocation of supervised release.

---

4. Subsection (e) uses the phrase "require the person to serve in prison" rather than the phrase "sentence the person to a term of imprisonment." The use of this phrase reinforces the

argument that Congress intended that the limitations applicable upon an initial sentence of imprisonment would not be applicable upon the revocation of a term of supervised release.

This conclusion is consistent with the canon of construction that courts will avoid statutory interpretations that render provisions superfluous. *See, e.g., National R.R. Passenger Corp. v. Boston and Maine Corp.,* —— U.S. ——, ——, 112 S.Ct. 1394, 1402, 118 L.Ed.2d 52 (1992); *Connecticut Nat'l Bank v. Germain,* —— U.S. ——, ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). If we were to adopt the interpretation advanced by Anderson, however, those portions of 18 U.S.C. § 3583(e) that refer to 18 U.S.C. § 3553(a)(2)(D), would be rendered superfluous. Further, our interpretation does not render 28 U.S.C. § 994(k) superfluous. Section 994(k), as discussed above, directs the Sentencing Commission to take care that the Guidelines "reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment." This directive retains its full force when a court is imposing a sentence to a term of imprisonment. Where a court requires an offender to serve time in prison upon the revocation of supervised release, however, the directive does not apply. Indeed, the same reasons that render 18 U.S.C. § 3582 inapplicable, render 28 U.S.C. § 994(k) inapplicable to a court requiring an offender to serve time in prison following the revocation of supervised release: (1) 18 U.S.C. § 3583 does not explicitly refer to any such limitation; (2) 18 U.S.C. § 3583 does explicitly refer to factors including the offender's medical and correctional needs; (3) 18 U.S.C. § 3583 avoids language similar to the "imposition of a sentence of imprisonment" language of 28 U.S.C. § 994(k); (4) 18 U.S.C. § 3583 expressly contemplates requiring an offender to serve time in prison equal to his or her period of supervised release, and a court may consider the medical and correctional needs of an offender in determining the length of the period of supervised release.

From the plain language of 18 U.S.C. § 3583(e), therefore, it appears that Congress intended that a district court may consider the medical and correctional needs of an offender in determining how much time that offender shall be required to serve in prison following revocation of supervised release.

## E. Applicable Sentencing Commission Policy Statements

Although we have determined that 28 U.S.C. § 994(k) does not limit the authority of a court to consider the medical and correctional needs of an offender, the Sentencing Guidelines are not inapplicable to this case. On the contrary, 18 U.S.C. § 3583(e) requires the court to consider factors set forth in § 3553(a), including "the kinds of sentence and the sentencing range ... as set forth in the guidelines ... that are in effect on the date the defendant is sentenced" and "any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4), (5). Section 3583(e) also indicates that "applicable policy statements issued by the Sentencing Commission" are relevant to the revocation of probation. 18 U.S.C. § 3583(e); *see also Bermudez,* 974 F.2d at 14 (district courts "should ... take the policy statements into account when sentencing for a violation of supervised release").

Although under 28 U.S.C. § 994(a) Congress has charged the Sentencing Commission with the task of promulgating guidelines governing sentencing for violations of conditions of supervised release, the Commission has not yet promulgated any such guidelines. Instead, the Commission has only promulgated "policy statements," set forth at Chapter 7 of the Guidelines Manual. While there is no question that these policy statements are relevant, we raise, as a preliminary matter, the question whether these policy statements are binding or advisory.

■ The Supreme Court has held that "[w]here ... a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline." *Williams v. United States,* 503 U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992). The policy statements at issue in this case, however, do not accompany a guideline.

Hence, the Chapter 7 policy statements cannot be construed as "authoritative guide[s] to the meaning of an applicable guideline"—there simply is no guideline to which the statements could serve as guides. *Cf. United States v. Johnson*, 964 F.2d 124, 127 (2d Cir.1992) (affirming departure for extraordinary family circumstances pursuant to U.S.S.G. § 5H1.6 and its accompanying policy statement and stating that "courts must distinguish between the Sentencing Guidelines and the policy statements that accompany them, and employ policy statements as interpretive guides to, not substitutes for, the Guidelines themselves"). Furthermore, the policy statements at issue in this case are "prefaced by a special discussion making manifest their tentative nature." *United States v. O'Neil*, 11 F.3d 292, 302 n. 11 (1st Cir.1993) (citing U.S.S.G. Ch. 7, Pt. A, intro. comment).[5] Accordingly, we find the policy statement at issue in this case distinguishable from the statement at issue in *Williams*.[6] We hold, therefore, that Chapter 7 policy statements are advisory, rather than binding. In so doing, we affirm the position articulated by this court before *Williams, see Bermudez*, 974 F.2d at 14, and join several other circuits that have declined to extend *Williams* to Chapter 7 policy statements. *See, e.g., O'Neil*, 11 F.3d 292, 302 n. 11; *United States v. Hooker*, 993 F.2d 898 (D.C.Cir.1993); *United States v. Headrick*, 963 F.2d 777, 781–82 (5th Cir.1992).

■ While the district court was required to consider the policy statements set forth at Chapter 7 in sentencing a defendant upon the revocation of probation, the district court was not bound by these policy statements. Accordingly, the district court need not "make the explicit, detailed findings required when it departs upward from a binding guideline." *United States v. Jones*, 973 F.2d 605, 607–608 (8th Cir.1992); *see also, United States v. Blackston*, 940 F.2d 877, 893–94 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991). Instead, we will affirm the district court's sentence provided (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable. *See United States v. Lee*, 957 F.2d 770, 774–75 (10th Cir.1992); *Headrick*, 963 F.2d at 782. In this case it is clear from the record that the district court considered the applicable policy statements. It is also clear that the seventeen-month sentence was within the statutory maximum.[7] Finally, the district court's sentence was reasonable. The factors considered by the court were consistent with the factors set forth at 18 U.S.C. § 3553(a). Further, a sentence of five months beyond the range suggested by the applicable policy statements was reasonable in light of the district court's findings that Anderson failed to adjust to supervision, failed to fulfill her obligations under her sentence of probation, and needed "intensive substance abuse and psychological treatment in a structured enviroment." The district court's order sentencing Anderson to serve seventeen months in prison is, therefore, affirmed.

Order affirmed.

KEARSE, Circuit Judge, dissenting:

I respectfully dissent.

---

5. *Williams* may also be distinguished from this case by virtue of the fact that *Williams* involved the mis-interpretation of a policy statement and the consideration of a factor expressly rejected by the policy statement. *See United States v. Merritt*, 988 F.3d 1298, 1308 n. 5 (2d Cir.1993).

6. The Supreme Court's recent extension of *Williams* in *Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), is not to the contrary. *Stinson* extended *Williams* from policy statements to commentary accompanying an applicable guideline. The holding in *Stinson* did not extend *Williams* from policy statements accompanying a guideline to policy statements that stand independent of any guideline. Rather, the Court in *Stinson* simply observed that "'[w]here ... a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline,'" *Stinson*, —— U.S. at ——, 113 S.Ct. at 1917 (quoting *Williams*, 503 U.S. at ——, 112 S.Ct. at 1119), and applied the same analysis to commentary that "function[ed] to 'interpret [a] guideline or explain how it is to be applied." *Stinson*, —— U.S. at ——–——, 113 S.Ct. at 1917–18 (quoting U.S.S.G. § 1B1.7).

7. Under 18 U.S.C. § 3583(e)(3), the maximum amount of time that Anderson could have been required to serve in prison upon revocation of her sentence of supervised release was 24 months.

The Sentencing Reform Act, Tit. II, Comprehensive Crime Control Act of 1984, 18 U.S.C. § 3551 *et seq.* (1988), provides that "in determining whether to impose a term of imprisonment" and in determining the length of imprisonment to be imposed, a court "shall consider the factors set forth in section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.*" 18 U.S.C. § 3582(a) (emphasis added). The proposition that the court is not to order imprisonment for purposes of rehabilitation is reinforced by one of the statutory provisions governing the United States Sentencing Commission's creation of federal sentencing guidelines, in which Congress provided that

> [t]he Commission shall insure that the guidelines reflect the *inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with* needed educational or vocational training, *medical care,* or other correctional treatment.

28 U.S.C. § 994(k) (1988) (emphasis added). *See also United States v. Maier,* 975 F.2d 944, 946 (2d Cir.1992) ("§ 994(k)[ ] stands for the ... proposition that rehabilitation is not an appropriate ground for *imprisonment*" (emphasis in original)).

The majority agrees that the above provisions prohibit the district court from ordering imprisonment for purposes of rehabilitation or medical care in imposing the original sentence. I see nothing in these provisions, or in any other provision, that relaxes these constraints when the court is imposing a sentence for violation of supervised release. I do not agree with the majority's view, *ante,* note 4, that the use of the phrase " 'require the person to serve in prison' [in 18 U.S.C. § 3583(e) ] rather than the phrase 'sentence the person to a term of imprisonment' [interpolating 28 U.S.C. § 994(k) ]" suggests that "Congress intended that the limitations applicable upon an initial sentence of imprisonment would not be applicable upon the revocation of a term of supervised release," Majority opinion, *ante,* note 4. Surely if Congress meant to override its two explicit statutory constraints and allow a court to impose a term of imprisonment for purposes of rehabilitation or medical care as part of a sentence for violation of supervised release it could have thought of more revealing language.

It is true that if (a) in imposing the original sentence the court has included a term of supervised release that is designed to provide rehabilitation or medical care, and (b) in imposing sentence for violation of a condition of supervised release the court has ordered imprisonment for the length of the supervised-release term, the overall effect is imprisonment for a term that includes a period originally designed to provide rehabilitation or medical care. That effect is, however, incidental, and the court's election to order imprisonment for the length of the original supervised-release term is properly viewed, assuming no indication from the court to the contrary, as punishment for the violation of the conditions of supervised release, not as imprisonment for the purposes that motivated the original conditions of supervised release. That incidental effect is not prohibited. What is, in my view, prohibited by the statutory scheme is the imposition of a term of imprisonment, whether originally or thereafter upon some subsequent violation, for the purpose of rehabilitation or medical care.

The majority points out that 18 U.S.C. § 3553(a)(2)(D) provides that "in determining the particular sentence to be imposed," the court shall consider the need "to provide the defendant with ... medical care[ ] or other correctional treatment," and argues that interpreting the statutory framework as foreclosing imprisonment for these purposes would render superfluous the portions of 18 U.S.C. § 3583(e) ("**Modification of conditions [of supervised release] or revocation**") that refer to § 3553(a)(2)(D). I disagree in light of the fact that § 3583(e) gives the court options other than imprisonment. It states that

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—
>
>> (1) terminate a term of supervised release ... ;

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify.... the conditions of supervised release at any time prior to the expiration or termination of the period of supervised release ...;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ...; or

(4) order the person to remain at his place of residence during nonworking hours ... as an alternative to incarceration.

18 U.S.C. § 3583(e). Thus, § 3553(a)(2)(D) plainly remains relevant to subsection (2) of § 3583(e), and perhaps to subsections (1) and (4), as well, *i.e.*, to the provisions that do not provide for imprisonment. We do not render it superfluous by recognizing its inapplicability to subsection (3).

In sum, I conclude that the district court's sentencing of the defendant in the present case to imprisonment for the stated reason that "You need I think, in my judgment, intensive substance abuse and psychological treatment in a structured environment," violated the express statutory provision of § 3582(a). Accordingly, I would vacate the sentence and remand for the imposition of a sentence that is based on consideration of only permissible factors.