101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Rossie ANDERSON, a/k/a John Davis, Defendant-Appellant.
 No. 95-1580.
 United States Court of Appeals, Second Circuit.
 May 16, 1996.
 
 Appearing for Appellant: Philip L. Weinstein, The Legal Aid Society, New York, New York.
 Appearing for Appellee: Susan Corkery, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED. Before FEINBERG, OAKES, and WINTER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Rossie Anderson appeals from the sentence of twenty-four months' imprisonment imposed by Judge Block after Anderson's violation of supervised release. Anderson contests neither the fact of the violation nor its circumstances. He argues only that the sentence of twenty-four months' imprisonment, which is well beyond the six-to-twelve month range suggested by the applicable Sentencing Guidelines policy statement, see U.S.S.G. § 7B1.4, and double the twelve-month sentence sought by the government, is unreasonable.
 
 
 4
 Anderson concedes, as he must, that the sentencing range provided by Section 7B1.4 is advisory only. See United States v. Anderson, 15 F.3d 278, 284 (2d Cir.1994). We will affirm a district court's sentence for violation of supervised release provided that: (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable. Id. A review of the sentencing transcript indicates beyond any doubt that the district court's sentence met the requirements of Anderson. Judge Block explicitly considered the sentence suggested by the Guidelines and rejected it in favor of the statutory maximum sentence of twenty-four months. See 18 U.S.C. § 3583(e)(3). In doing so, Judge Block carefully explained his reasons for rejecting the suggested range, even though, under Anderson, the sentencing judge "need not make the explicit, detailed findings required when it departs upward from a binding guideline." 15 F.3d at 284 (internal quotation marks and citations omitted). He found that the handgun in Anderson's possession had an obliterated serial number and was loaded, facts that made Anderson's conduct much more serious than mere possession of a handgun. We agree. The section of the Sentencing Guidelines applicable to convictions for possession of a firearm in violation of 18 U.S.C. § 922(k) states that as a general matter, possession of a firearm with "an altered or obliterated serial number" merits an enhanced sentence. See U.S.S.G. § 2K2.1(b)(4). Although Section 2K2.1 is not applicable per se to this violation of supervised release, it clearly supports the reasonableness of Judge Block's finding that possession of a firearm with an obliterated serial number is a far more serious matter than possession of an ordinary firearm. We also agree with Judge Block's sensible conclusion that a loaded firearm is "really much more than just simply possession of a weapon," warranting a greater sentence. Under the circumstances, Anderson's twenty-four month sentence was not unreasonable.
 
 
 5
 We therefore affirm.