104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Francesca Marie COOPER, Defendant-Appellant.
 No. 96-1324.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Seybert, J.).
 APPEARING FOR APPELLEE: APPEARING FOR DEFENDANT-APPELLANT: DEMETRI JONES, Assistant United States Attorney, Eastern District of New York (Zachary W. Carter, United States Attorney), Brooklyn, NY. KEVIN J. KEATING, Garden City, NY.
 E.D.N.Y.
 AFFIRMED.
 PRESENT: GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 On June 2, 1994, Francesca Cooper pled guilty to a charge of conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). In exchange for her substantial assistance to the authorities, the Western District of North Carolina (Mullen, J.) departed downwardly from the statutory minimum sentence of ten years imprisonment, imposing instead a sentence of four years probation. Her probation was then transferred to the Eastern District of New York.
 
 
 4
 During her probation, Cooper performed her probationary duties satisfactorily, and obtained regular employment. On August 11, 1995, however, as she went through the metal detector at the Uniondale courthouse on her way to a regular meeting with her probation officer, a loaded semi-automatic handgun was found in her purse. She was arrested for possession of a firearm. Because one of the conditions of Cooper's probation was that she not possess a firearm, the Probation Department for the Eastern District of New York filed a probation violation against her.
 
 
 5
 Cooper agreed to provide assistance to the government in exchange for a substantial assistance letter if the information were to prove fruitful. The government later decided, however, that "information [was not] developed that substantiated the expected cooperation," and declined to submit a substantial assistance letter.
 
 
 6
 At a plea proceeding on March 20, 1996 before the Eastern District (Seybert, J.), Cooper indicated that she was willing to plead guilty to a probation violation in satisfaction of the charges in the complaint against her. The proceedings were adjourned twice, and on May 9, 1996, Cooper stipulated to the facts constituting the violation of probation, and pled guilty. After pleading guilty, Cooper testified as to the circumstances surrounding her possession of the handgun. She testified that she had met a male friend the night before around 11 p.m., and that he had asked her to hold the gun for him while he went to play cards at an illegal gambling establishment. Cooper put the gun in her purse, and waited in the car. When he failed to return, Cooper went home and went to sleep. The next morning, Cooper went for a routine interview with her probation officer. She had forgotten that she had the gun in her purse, until it was discovered at the Uniondale courthouse.
 
 
 7
 Cooper asked that the district court impose a sentence within the 24 to 30 month advisory Revocation Table range of U.S.S.G. § 7B1.4. The Violation of Probation Report recommended that Cooper be sentenced to the mandatory minimum sentence of ten years for the underlying offense and to five years of supervised release. The government took no position on sentencing.
 
 
 8
 At sentencing, Cooper's counsel argued that her possession of the handgun was an accident and a mistake. Cooper herself also testified that her possession was a mistake, and apologized to her family and the court. Both the government and the Probation Department argued that they did not believe that Cooper's possession of the gun was a mistake.
 
 
 9
 Noting that this was a "very, very difficult sentence," the district court judge found that Cooper's possession of the gun was not a mistake, and stated that
 
 
 10
 I could feel good by giving a sentence of 24 months. I could make your parents feel good. But that isn't what sentencing is about. You were given tremendous breaks here. You could have been sent away for the rest of your life. On two occasions you transported cocaine. You got an unbelievable sentence from the judge based on your substantial assistance.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 And you take a loaded firearm, knowing that it violates your probation. And incredibly, within a span of ten, twelve hours, you forget you have it and you come into this courthouse, and you threaten not only yourself by the mere presence of this firearm, but everybody in this building and their families, and everybody at work should it not have been detected....
 
 
 14
 The judge then decided that based on "the provisions of safety valve legislation," as well as Cooper's age and good behavior, she could depart below the ten-year minimum. However, because of the "outrageous" nature of the violation, the judge chose not to reduce the sentence to 60 months, and decided on a sentence of 80 months incarceration and five years supervised release.
 
 
 15
 Cooper appeals from her sentence, arguing that 1) the district court misapprehended its authority under the Guidelines to sentence Cooper to as little as one day in jail for her probation violation; 2) the district court abused its discretion because the sentence did not reflect the sentencing factors included in 18 U.S.C. § 3553(a); and 3) the case should be remanded to a different sentencing judge.
 
 
 16
 Section 7B1.4 of the Sentencing Guidelines provides that "where the minimum term of imprisonment required by statute, if any, is greater than the maximum of the applicable range [of imprisonment for revocation], the minimum term of imprisonment shall be substituted for the applicable range." We have held that the district courts are not bound by the policy statements set forth in Chapter 7 of the Sentencing Guidelines, including § 7B1.4. See United States v. Sweeney, 90 F.3d 55, 57 (2d Cir.1996); United States v. Anderson, 15 F.3d 278, 284 (2d Cir.1994). The district courts exercise broad discretion in imposing sentences for probation violations. We uphold a sentence for a violation of supervised release if "(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." Anderson, 15 F.3d at 284.
 
 
 17
 Cooper's sentence satisfies each of these three criteria. The district court considered the relevant policy statements and noted that it was not bound by them. The sentence imposed was within the statutory maximum for the underlying offense--life imprisonment; indeed, it was well below the minimum sentence of 120 months. Finally, although the district court administered strong medicine, we cannot say that the sentence was unreasonable. The court's reasoning was plainly expressed. Cooper had received an extraordinarily generous sentence for her first offense, and then knowingly violated her parole by accepting a handgun from a friend and putting it in her purse. Certain mitigating circumstances--her youth, her regular employment, and her family's concern--led the district court to sentence Cooper to a period of incarceration more than three years below the statutory minimum sentence. There is nothing unreasonable about withholding further leniency.
 
 
 18
 As the record indicates, the district judge considered all of the criteria mandated by 18 U.S.C. § 3553(a) at each of the three sentencing hearings. The district judge did not abuse her discretion in imposing a sentence of 80 months.
 
 
 19
 We have examined all of Cooper's contentions, and find them to be without merit. For the reasons set forth above, the judgment of the district court is AFFIRMED.