107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Julio FERNANDEZ, also known as Outlaw, Mark Abene, also
known as Phiber Optik, Elias Ladopoulos, also
known as Acid Phreak, Paul Stira, also
known as Scorpion, Defendants,
John LEE, also known as "John Farrington," Defendant-Appellant.
 No. 96-1408.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 APPEARING FOR APPELLANT: Dalit Yarden, New York, NY.
 APPEARING FOR APPELLEE: Alexander H. Shapiro, Assistant United States Attorney, New York, NY.
 Present GRAAFEILAND, LEVAL, Circuit Judges, SQUATRITO, District Judge.[1]
 Defendant-appellant John Lee appeals from a judgment of the United States District Court for the Southern District of New York (Owen, J.), revoking his supervised release and sentencing him to a term of imprisonment of one year.
 
 
 1
 On December 2, 1992, Lee pleaded guilty to the charge that he had conspired to possess and use unauthorized access devices, to access and damage information in computers, to intercept electronic communications, and to commit wire fraud, in violation of 18 U.S.C. § 371. On June 4, 1993, the district court sentenced him to a term of imprisonment of one year and one day, followed by three years of supervised release, with the special condition that he perform 200 hours of community service in the computer field.
 
 
 2
 On June 1, 1994, Lee was released from prison and began serving his term of supervised release. On December 22, 1995, the United States Probation Office charged Lee with violating the terms of his supervised release by (1) acting as an accessory in the interception of a wire communication, (2) falsely denying to the FBI that he had done so, (3) maintaining associations with two of his original coconspirators in violation of the court's order, and (4) failing to contact his designated community service agency.
 
 
 3
 Lee appeared before the district court on March 15, 1996, and pleaded guilty to the fourth specification. Before advising Lee of the consequences of his plea, the court noted that the applicable statute allows a sentence of up to two years, but that the governing guideline range, which he deemed "pretty effectively binding on us in most situations," provided a range of 3 to 9 months. The Assistant United States Attorney (AUSA) advised the court that the "guidelines for supervised release in Chapter 7 are different from the other guidelines in that they are nonbinding expressions of policy."
 
 
 4
 After an initial sentencing conference on May 31, 1996, Lee appeared before the district court for sentencing on June 19, 1996. The presentence report submitted to the court underscored that the policy statement of Chapter 7 recommended incarceration for 3 to 9 months. The court heard from the defense counsel, the AUSA, the Probation Officer, and Lee himself. In explaining the court's sentencing options, the Probation Officer told the judge that the court had authority to revoke supervision and incarcerate Lee for three to nine months under the policy statement or for up to two years under the statute. The court replied "Okay" and thanked the Probation Officer. After a brief recess, the court sentenced Lee to one year of imprisonment, explaining that he was concerned about the extent of Lee's continuing criminal activity after the service of his sentence and about sending a deterrent message to others who could do serious harm with their knowledge of computers.
 
 
 5
 On appeal, Lee concedes that the court was not obliged to impose a sentence within the range suggested by the policy statements set forth in Chapter 7 of the Sentencing Guidelines, but argues that the court did not consider the policy statement recommendation, as required by United States v. Anderson, 15 F.3d 278, 284 (2d Cir.1994). This contention is untenable. The record demonstrates that the district judge was fully aware of the policy statement but decided that a sentence within the range recommended by the policy statement would be inappropriate.
 
 
 6
 We therefore affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Dominic J. Squatrito, United States District Judge, District of Connecticut, sitting by designation