**UNITED STATES of America,**
**Appellee,**

v.

**Emanuel GALARIS, aka Manny,**
**Defendant–Appellant.**

No. 01–1114.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2001.

Eugene Neal Kaplan, Esq., Kaplan, Thomashower & Landau LLP, New York, NY, for appellant.

Anirudh Bansal, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present WALKER, Chief Judge, Circuit Judge, KOELTL, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the sentence of said district court be and it hereby is AFFIRMED.

Defendant-appellant Emanuel Galaris appeals from the February 16, 2001 order of the district court revoking his supervised release, upon Galaris's admitting to one violation of the conditions of that release, and sentencing him to 24 months' imprisonment. On November 13, 1991, the district court initially sentenced Galaris principally to time already served and three years of supervised release upon Galaris's plea to one count of conspiracy to make, possess, and traffic in counterfeit financial instruments in violation of 18 U.S.C. § 371.

This appeal arises from certain comments made by the district court at several hearings involving Galaris. Specifically, Galaris claims that at his initial sentencing the district court warned him that, should he violate the terms of his supervised release, it would impose the statutory maxi-mum; and that, after Galaris violated the terms of his release, the district court twice made reference to this "threat" and then imposed the statutory maximum in order to carry out its "threat" and pursuant to its fixed policy of imposing the maximum in such circumstances.

On appeal, Galaris claims that these statements show that the district court erred in sentencing Galaris to the statutory maximum because the district court allegedly: (1) failed to consider the applicable policy statements in the Sentencing Guidelines; and (2) unreasonably sentenced Galaris to make good on its threat under an inflexible policy, rather than considering the individualized factors presented by Galaris's case or those required by 18 U.S.C. § 3553. Galaris also requests that this case be remanded to a different judge for resentencing.

We will affirm a district court's sentence for the violation of supervised release if "(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997) (quoting *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994)) (internal quotation marks omitted). Galaris's appeal implicates the first and third factors articulated by *Pelensky*.

Though the district court is directed to consider the policy statements in Chapter Seven of the Sentencing Guidelines, these statements are non-binding, and the district court is afforded "broad discretion" in imposing a sentence and need not make "explicit, detailed findings." *Id.* (quoted cases omitted). In the absence of an applicable guideline, we will reverse a sentence only if it is "plainly unreasonable." *Unit-*

---

1. The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

*ed States v. Wirth*, 250 F.3d 165, 169 (2d Cir.2001) (per curiam) (internal quotation marks omitted).

█ In this case, the district court clearly considered the sentencing range provided by the policy statements. In particular, the district court's awareness of the recommended sentencing range is evident from its reference to the Sentencing Guidelines' recommendations, from which it noted it could depart upwardly, and from the efforts of Galaris's counsel to persuade the district court to impose a sentence within that range. *See Pelensky*, 129 F.3d at 69–70 (finding that the district court considered the applicable policy statements where it was evident from the record that the district court was aware of the sentencing range and made a conscious decision to depart upwardly from it).

█ With respect to Galaris's second claim, we find that the district court's statements did not indicate the sort of fixed sentencing policy for a category of crimes that we have disapproved in the past. *See, e.g, United States v. Menghi*, 641 F.2d 72, 76 (2d Cir.1981). Rather, properly viewed in their context, the district court's comments reflect its concern with Galaris's repeated flouting of the law and court orders and, initially, an effort to warn Galaris of the seriousness of incurring a third conviction by violating the terms of his supervised release. Such efforts to "promote respect for the law" and "to afford deterrence" are factors prescribed by 18 U.S.C. § 3553(a)(2)(A) and (B). Moreover, by postponing sentencing until it received letters describing Galaris's conduct during the term of his supervised release and a report and recommendation from the Probation Department, and by questioning Galaris about his conduct at the hearing, the district court gave further consideration to the individual and statutorily mandated aspects presented by Galaris's case. *See* 18 U.S.C. § 3553(a)(1) (list-

ing, as a factor to be considered, "the history and characteristics of the defendant").

Because we deny Galaris's request for a resentencing, we do not need to consider his argument that a new judge should be appointed for resentencing.

Accordingly, for the reasons set forth above, the sentence of the district court is AFFIRMED.