**UNITED STATES of America,**
**Appellee,**

v.

**Hilda AGUDELO, Defendant–**
**Appellant.**

**Docket No. 02–1145.**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2002.

Laura Edidin, Assistant United States Attorney (Alan Vinegrad, United States Attorney for the Eastern District of New York, on the brief; Susan Corkery, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Paul E. Warburgh, Jr., New York, NY, for Appellant.

Present MINER, SOTOMAYOR and KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Raggi, J.), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Defendant Hilda Agudelo appeals from a judgment of the United States District Court for the Eastern District of New York (Raggi, J.) finding her guilty of violating the terms and conditions of her supervised release, and sentencing her to the statutory maximum of 24 months of imprisonment. Agudelo contends that the sentence is unreasonable in light of policy statements in the U.S. Sentencing Guidelines suggesting a range of three to nine months.

In 1989, Agudelo pleaded guilty to conspiracy to distribute cocaine. The district court sentenced her to 63 months in prison (the bottom of the guideline range), to be followed by five years of supervised release. Within two years of the start of her supervised release, Agudelo was arrested again for narcotics possession and, after pleading guilty to a lesser charge, failed to appear for sentencing. Through the use of an alias, she concealed her arrest and never reported it to the Probation Department. When the Department confronted her about the arrest, Agudelo immediately absconded from supervision. She also failed to report other contacts with law enforcement and to disclose information about her finances and employment, in violation of the terms of her supervised release.

In sentencing a defendant for violating *the terms of a supervised release*, a district court "is directed to consider the non-binding policy statements found in Chapter Seven of the Guidelines Manual," but ultimately the court has "broad discretion to ... impose a term of imprisonment" up to the statutory maximum. *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997). When working within the non-binding guidelines which *govern violations of supervised release*, the district court "need not make the explicit, detailed findings required when it departs upward from a binding guideline." *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994); *see also Pelensky*, 129 F.3d at 69.

A sentence imposed for violation of the terms of a supervised release will be upheld on appeal where "(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *Pelensky*, 129 F.3d at 69; *Anderson*, 15 F.3d at 284. In this case, the sentencing judge explicitly acknowledged the guidelines and concluded that the high end of the statutory term was appropriate in light of Agudelo's deliberate

flouting of her probation requirements, her disregard for the authority of the courts, and the risk of recidivism that she posed. We do not find the district court's ruling to be unreasonable. We also reject Agudelo's argument that the district court based its ruling in part on erroneous assumptions about her unreported income, as the record is clear that the court accepted Agudelo's representations regarding her finances for the purposes of the sentencing proceeding.

We have considered Agudelo's other arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.