**UNITED STATES of America,**
**Appellee,**

v.

Darwin MCNEILL, also known as Kelly, also known as Kellogg, Gregory W. Clark, also known as Gregory Clark Stanford, also known as Stan, Vincent Anthony Handsor, also known as Vinnie, Montrice D. Goins, also known as Montrice D. Cobb, also known as Mattie, also known as Montri, Lauren Reynolds, Dean Charles Parker, also known as Tone, also known as Dallas Dyer, Henry L. Love, also known as Hank, Ricky D. Mason, also known as Darnell, Germaine Robinson, Anthony L. Brown, also known as Anthony L. Jefferies, also known as Gizmo, Lemuel Jones, also known as Slim, Darryl Lee Myles, also known as Lee Myles, Dakin S. Pasucci, Ray Myles, also known as Darren Myles, Roger D. Williams, Jacquelyn Jenkins, also known as Jacqueline Jenkins, also known as Jacquelin Jenkins, Kevin Briggs, Walter M. Griggs, Jr., George A. Fuller, also known as Buba Fuller, also known as George Buba, Archie Lee Phillips, Brian Keith Norman, also known as Shamus, Victoria N.

Clark, Barrett B. Chapman, Kenny Brown, Dion Watkins, James Nick Logan, also known as Nick Logan, also known as James R. Logan, also known as James J. Logan, also known as Snake, Maxine Amerson, also known as Maxine Anderson, Pamela Flood and Brenda Flowers, Defendants,

Darren Morman, Defendant–Appellant.

No. 02–1031.

United States Court of Appeals, Second Circuit.

Feb. 19, 2003.

M. Kirk Okay, The Okay Law Firm, LLC, Batavia, New York, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Appellee.

Before JACOBS, PARKER, Circuit Judges, and KAPLAN,* District Judge.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of February, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Darren Morman appeals from a January 8, 2002 judgment of conviction, following his guilty plea to one count of violating the terms of probation.

On August 24, 2000, Morman pleaded guilty, pursuant to a plea agreement, to one count of unlawfully using a communication device in furtherance of drug trafficking, in violation of 21 U.S.C. § 843(b). The statutory maximum sentence of imprisonment for that offense is four years. The imprisonment range calculated in the Presentence Investigation Report was 6 to 12 months' imprisonment. After the district court granted the Government's motion for a downward departure of two additional levels pursuant to U.S.S.G. § 5K1.1, the resulting imprisonment range of 0 to 6 months permitted the district court to sentence Morman to probation.

The district court sentenced Morman to four years of probation. In addition to the standard conditions of probation, the district court imposed several special conditions, including a requirement that Morman complete drug and alcohol evaluation, and to undergo any appropriate treatment as directed. Soon after his probation began, Morman tested positive for marijuana and cocaine. Notwithstanding drug treatment, he repeatedly tested positive for cocaine.

The Probation Office petitioned the district court to revoke Morman's probation on the ground that he used controlled substances. On December 21, 2001, Morman pleaded guilty to that charge pursuant to a plea agreement. At sentencing, the district court noted that Morman committed a grade C probation violation and that U.S.S.G. § 7B1.4, as applied to Morman, recommended a prison range of 3 to 9 months. The district court specifically concluded that it was not bound to sentence Morman within § 7B1.4 because § 7B1.4 is a nonbinding Policy Statement, or within the range called for at the original sentencing hearing (0 to 6 months) because the statutory maximum of the underlying offense (4 years) provided the upper limit of any prison sentence. The district court sentenced Morman to 26 months, so that he could participate in the Bureau of Prisons' two-year drug treatment program.

On appeal, Morman contends that the district court (1) was bound by the imprisonment range set forth in § 7B1.4; (2) erred in imposing a term of incarceration greater than the range calculated for the underlying offense; (3) failed to make detailed findings supporting its decision to depart from the range set forth in § 7B1.4; and (4) punished Morman because he was a drug addict.

(1) This Court has held that a policy statement, such as § 7B1.4, is not binding on the sentencing court, though it must be considered (as the court did here). *United States v. Cohen,* 99 F.3d 69, 71 (2d Cir. 1996) (*per curiam*).

(2) This Court has held that the upper limit to the term of imprisonment available following a violation covered by § 7B1.4 (i.e., a violation of probation or supervised release) is the statutory maximum of the

**38**

underlying offense, not the original Guidelines range. *See, e.g., United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997).

(3) This Court has held that, because the district court is not bound by policy statements, it "need not make the explicit, detailed findings required when it departs upward from a binding guideline." *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994) (internal quotation marks and citation omitted).

(4) The sentence imposed did not punish Morman for being a drug addict; it facilitated his treatment for that condition. *See* 18 U.S.C. § 3553(a)(1)(D) (mandating that a sentencing court consider the need for the sentenced imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). *See Anderson*, 15 F.3d at 284 (holding that a prison sentence imposed above range set forth in policy statement concerning supervision violations was reasonable, in part because of defendant's need for substance abuse treatment).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.