09-1009-cr
United States v. Jones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:   GERARD E. LYNCH,
                         *Circuit Judge*,
               DENNY CHIN,[*]
                         *District Judge.*[**]

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                         *Appellee*,

                 v.                                                No. 09-1009-cr

BRIAN JONES,
                         *Defendant-Appellant.*

-----------------------------------------------------------------

APPEARING FOR APPELLANT:        GEORGE F. HILDEBRANDT, Syracuse, NY


APPEARING FOR APPELLEE:          JOHN M. KATKO (Elizabeth S. Riker, *on the brief*), *for* Andrew T. Baxter, United States Attorney for the Northern District of New York,

---

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Honorable Rosemary S. Pooler, originally a member of this panel, did not participate in the consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. I.O.P. E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction, entered on February 27, 2009, is AFFIRMED.

Brian Jones appeals from a sentence of 14 months in prison and 16 months of supervised release, imposed for a violation of a condition of his supervised release following a 60-month term of imprisonment for possessing crack cocaine with the intention to distribute it. *See* 18 U.S.C. § 3583(e)(3), (h).

We review sentences for violation of supervised release – as we do all sentences – for reasonableness. *United States v. Fleming*, 397 F.3d 95, 99 n.5 (2d Cir. 2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). Our review proceeds in two steps: first we must "ascertain whether the sentence was administered without procedural error," *United States v. Williams*, 524 F.3d 209, 214 (2d Cir. 2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness," *Gall v. United States*, 552 U.S. 38, 51 (2007). This second inquiry turns on whether the district judge abused his discretion in determining an appropriate sentence under 18 U.S.C. § 3583(e), which requires the judge to consider factors set forth in 18 U.S.C. § 3553(a). Because Jones failed to object to his sentence below, our review is for plain error. *See* Fed. R. Crim. P. 52(b).

Jones asserts that the district court committed procedural error by incorrectly

calculating the applicable sentencing guidelines range. In sentencing Jones on his underlying conviction, the district court found that Jones fell into criminal history category VI, before granting Jones a departure to category V pursuant U.S.S.G. § 4A1.3. Jones now argues that the district court erred in employing criminal history category VI, rather than criminal history category V, in calculating the guidelines recommendation for his sentence for violating supervised release.

The district courts's calculation of the guidelines range for the supervised release violation was correct. The application notes to the guideline for calculating a recommended sentence range for a supervised release violation specifically direct the sentencing court to utilize the "criminal history category . . . determined at the time the defendant originally was sentenced to the term of supervision." U.S.S.G. § 7B1.4, Application Note 1. Under the guidelines system, the criminal history category is "[d]etermine[d]" as part of the process of calculating a guideline sentencing range, *see* U.S.S.G. § 1B1.1(f); a "departure" does not change the offense level or criminal history category that was "determined" in calculating the guideline range, but rather imposes a sentence *outside* the calculated range to take account of factors not "adequately taken into consideration by the Sentencing Commission" in determining that range, *see* 18 U.S.C. § 3553(b)(1). Thus, the reference in Application Note 1 to the criminal history category "determined" when defendant was first sentenced must mean the category initially calculated, prior to any departure.

Any potential ambiguity about this reference is dispelled by Application Note 2 to U.S.S.G. § 7B1.4, which specifically addresses cases in which the judge departed from the

3

originally-calculated criminal history category. That Note provides that a departure from the guidelines range recommended for supervised release violations "*may be* warranted when the court departed from the applicable guideline range [pursuant to § 4A1.3] in originally imposing the sentence that resulted in supervision." (Emphasis added.) The Guidelines thus *permit* a district judge to grant a similar departure in calculating the sentencing range for the supervised release violation, but do not *require* that the judge do so. *See also United States v. McKinney,* 520 F.3d 425, 428-30 (5th Cir. 2008) (holding that the Guidelines instruct a court calculating the sentencing range for a violation of supervised release to use defendant's criminal history category as it was in the original proceeding prior to any departure). We thus find no plain error – indeed, we find no error at all – in the district court's application of the Guidelines.

Jones also asserts that his sentence was substantively unreasonable, because the district court did not adequately consider the sentencing factors of § 3553, particularly his need for rehabilitation and treatment. *See* 18 U.S.C. § 3553(a)(2)(D). While a district court has discretion to consider a defendant's medical or treatment needs in determining a sentence, it is not required to do so. *See United States v. Anderson*, 15 F.3d 278, 281-83 (2d Cir. 1994). Here, the district court specifically noted that it had sentenced Jones to a halfway house for a previous violation of supervised release, "but he only stayed one day" before leaving and again violating the terms of his release. Given Jones' repeated failures to comply with the terms of supervised release, we cannot say that the district court's refusal to impose another sentence of drug treatment, or its sentence of 14 months imprisonment was

unreasonable.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court