**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Columbus GIDDINGS, Defendant–Appellant.**

**No. 93–1478.**

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1994.

Timothy Crooks, Asst. Federal Public Defender, Ira R. Kirkendoll, Federal Public Defender, Fort Worth, TX, for appellant.

John P. Bradford, Asst. U.S. Atty., Richard H. Stephens, U.S. Atty., Fort Worth, TX, for appellee.

Before POLITZ, Chief Judge, and GOLDBERG and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant, Columbus Giddings, appeals the district court's sentence imposed upon revocation of supervised release. Finding Appellant's sentence neither imposed in violation of law nor plainly unreasonable, we affirm.

## I. BACKGROUND

In 1991, Appellant plead guilty to two counts, possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a), and possession of heroin in violation of 21 U.S.C. § 844(a). Appellant was sentenced to serve concurrent terms of imprisonment of 18 and 12 months to be followed by 3 years of supervised release.

Approximately four months after Appellant began serving his period of supervised release, the United States moved to revoke Appellant's supervised release for violation of its conditions. The motion charged Appellant with 1) possessing and using a controlled substance on three occasions, 2) failing to appear for a random urinalysis test and a counseling session, and 3) failing to successfully complete an in-patient drug treatment program.

Appellant admitted the violations except the failure to appear for counseling. The district court specifically found that Appellant had possessed a controlled substance and therefore concluded that revocation of the Appellant's supervised release was mandatory under 18 U.S.C. § 3583(g). The district court revoked Appellant's supervised release.

After consideration of the policy statements of Chapter 7 of the Sentencing Guidelines and the statutory minimum, the district court sentenced Appellant to 24 months of imprisonment. Appellant appeals the sentence on two grounds. First, Appellant contends that the policy statements in Chapter 7 of the Sentencing Guidelines are binding on the district court, and therefore that the imposition of the 24 month sentence constituted an unjustified upward departure. Next, Appellant asserts that the district court improperly considered Appellant's need for drug rehabilitation in arriving at the 24 month sentence.

## II. STANDARD OF REVIEW

■ "We will uphold a sentence unless it 1) was imposed in violation of law, 2) resulted from an incorrect application of the guidelines, 3) was outside the guideline range and is unreasonable, or 4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir.1992) (citing 18 U.S.C. § 3742(e)). Because there is no applicable guideline for sentencing after revocation of supervised release, we will uphold Appellant's sentence unless it is in violation of law or is plainly unreasonable. *Id.*

## III. POLICY STATEMENTS

### A. The District Court's Application

Appellant first contends that his sentence was imposed in violation of law because the

district court failed to sentence him to a term of imprisonment within the applicable range set forth in the "Revocation Table", U.S.S.G. § 7B1.4, p.s. The "Revocation Table" recommends a sentence of five to eleven months based on Appellant's grade of violation and criminal history category.[1] However, because the court determined that Appellant possessed a controlled substance, the court was required, at minimum, to impose a sentence of one-third of the term of the supervised release. *See* 18 U.S.C. § 3583(g). Section 3583(g) does not provide a maximum sentence.

Under the sentencing guidelines, if the minimum term of imprisonment required by the statute exceeds the maximum term of imprisonment under § 7B1.4(a), then section 7B1.4(b)(2) provides that the statutory minimum shall be substituted for the applicable range. Accordingly, the sentence recommended by the policy statement was one year. To determine the maximum sentence permitted under § 3583(g), the district court looked to § 3583(e)(3) and determined, by analogy, that the maximum allowable sentence of imprisonment was 24 months. The district court concluded, therefore, that the applicable sentencing range was between 12 and 24 months. Based on its evaluation of the factors set out in 18 U.S.C. § 3553(a), the court sentenced Appellant to 24 months of imprisonment.

### B. Analysis

■ In *United States v. Headrick*,[2] we held that when a court sentences a defendant upon revocation of his supervised release under § 3583(g), the policy statements of Chapter 7 are advisory only.[3] In *United States v. Mathena*,[4] we reaffirmed the holding of *Headrick* in the context of sentencing upon revocation of supervised release under 18 U.S.C. § 3583(e)(3). In *Mathena*, we explained that the Supreme Court's recent opinion in *Stinson v. United States*,[5] did not

---

1. The district court found that Appellant had committed a grade C violation and had a criminal history category of III.

2. 963 F.2d 777 (5th Cir.1992).

3. *Id.* at 782.

4. 23 F.3d 87 (5th Cir.1994).

5. —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

affect our holding in *Headrick*.[6] Thus, the district court was not bound by the suggested sentencing range set forth in the policy statements of Chapter 7.

## IV. DRUG REHABILITATION

Appellant next contends that even if the district court was not bound by the Sentencing Guideline policy statements, the term of imprisonment imposed was in error because the district judge improperly considered Appellant's need for drug rehabilitation in determining the sentence.[7]

**6.** *See United States v. Mathena,* 23 F.3d at 93, In *Stinson,* the Court drew an analogy between commentary that interprets or explains a guideline, and an agency's interpretation of its own legislative rules. Because courts usually give controlling weight to an agency's interpretation of its own legislative rules, the Court reasoned the same treatment should be accorded commentary that explains or interprets a guideline. The Court's rationale for its holding (regarding commentary) and dictum (regarding policy statements) does not apply here because the statements of Chapter 7 do not interpret or explain a guideline. As we stated in *Headrick,* the policy statements of Chapter 7 "stand alone, and in a state of nascency." (citation omitted).

**7.** At sentencing, the district judge stated,

[C]onsidering the scope of the activity of the defendant in violation of the terms of supervised release, the court orders and adjudges the defendant be committed to the custody of the Bureau of Prisons to serve a term of imprisonment for 2 years.

And, by the way, I might add that I have taken into account all of the provisions of Title 18, Sections [3]553(a)(1), (a)(2)(B) [sic], (a)(2)(C), (a)(2)(B), (a)(4), (a)(5) and (a)(6) in arriving at the appropriate term. All those factors have been taken into account.

One thing of particular significance to me was the (a)(2)(D) [sic], provision, that one of the factors the court is to consider is the need for the sentence imposed to provide the defendant with needed medical care or other direct treatment in the most effective manner.

And because of the defendant's problem with drugs, I feel like that two year sentence, not only would benefit society, but would benefit the defendant in this particular case, in that treatment would be more readily available with the 2–year sentence.

**8.** 18 U.S.C. § 3553(a) provides,

The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

- • (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced;

   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.

**9.** Title 18, section 3582(a) provides,

The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

## A. Sentencing Framework

■ For purposes of an initial sentencing, 18 U.S.C. § 3553(a)[8] sets out the relevant factors to be used by the district court to fashion a defendant's sentence. Although the district judge is required to review the § 3553(a) factors in determining the sentence, the court has limited discretion in the factors it can use to determine whether to impose a term of imprisonment. Typically, a person's need for rehabilitation cannot be used to determine whether a sentence of imprisonment is imposed.[9]

■ In contrast, when initially determining the period of supervised release, the district court must consider the § 3553(a) factors, therefore the defendant's need for rehabilitation [10] is necessarily taken into account.[11] If supervised release is subsequently revoked under 18 U.S.C. § 3583(e), the statute also requires that the § 3553(a) factors be considered. However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors.

The issue before this court is whether a district court *may* properly consider a defendant's rehabilitative needs in determining the length of a sentence of imprisonment upon revocation of supervised release. The issue is one of first impression for this circuit. We do not, however, write on an entirely blank slate. The Second Circuit considered a similar issue in *United States v. Anderson*,[12] and the majority concluded that an inquiry into the defendant's rehabilitative needs was permissible.

In *Anderson*, the Second Circuit was faced with a district court's revocation of supervised release under 18 U.S.C. § 3583(e). Under § 3583(e), imprisonment is one of several options that a district judge may employ to remedy a violation of supervised release. The court affirmed the district judge's revocation of supervised release, and upheld the imposition of a 17 month sentence [13] based on

the district judge's view that the defendant required "intensive substance abuse and psychological treatment in a structured environment." [14] The *Anderson* majority reasoned that because the defendant's need for rehabilitation or medical care must be considered in fashioning the initial term of supervised release, *a fortiori* these factors may also be considered in fashioning a sentence upon revocation of supervised release.[15]

The issue before this Court arises in a context similar to that decided by the Second Circuit, but with an important distinction. While the Second Circuit was presented with a *permissive* revocation under 18 U.S.C. § 3583(e), this Court is faced with a *mandatory* revocation under 18 U.S.C. § 3583(g). In the present situation, the district court did not determine whether revocation and imprisonment were warranted—the decision to revoke Appellant's supervised release and to impose a period of imprisonment was dictated by statute. Therefore, we need only decide whether the district court properly considered Appellant's rehabilitative needs in arriving at the *length* of sentence. We need not, and do not decide whether a district court may properly consider a defendant's rehabilitative needs in deciding whether, as an initial matter, imprisonment is warranted.

## B. Analysis

As explained above, the Sentencing Guidelines do not provide a binding sentencing

---

10. Rehabilitation is one of the factors contained within 18 U.S.C. § 3553(a)(2)(D).

11. *See* 18 U.S.C. § 3582(c).

12. 15 F.3d 278 (2nd Cir.1994).

13. The relevant Sentencing Guidelines policy statements recommended a sentencing range of 6–12 months. *Id.* at 279.

14. *Id.*

15. *See United States v. Anderson*, 15 F.3d at 282,

Far from explicitly contemplating the applicability of 18 U.S.C. § 3582 or 28 U.S.C. § 994, 18 U.S.C. § 3583 appears to contemplate that the limitations will not apply and that such factors as the medical and correctional needs of the defendant may be considered by a district court. Upon revocation a district court may "require the person to serve

in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." Thus, the statute contemplates that a district court may require a person to serve time in prison equal to the length of the term of supervised release. In determining the length of a period of supervised release, it will be recalled, a district court may consider such factors and the medical and correctional needs of the offender. Because those factors may be considered in determining the length of a period of supervised release and because a district court may require a person to serve in prison the period of supervised release, the statute contemplates that the medical and correctional needs of the offender will bear on the length of time an offender serves in prison following revocation of supervised release. We conclude, therefore, that a court may consider an offender's medical and correctional needs when requiring that offender to serve time in prison upon the revocation of supervised release.
(citations omitted).

range applicable to the revocation of supervised release. Therefore, the sentencing range is determined by statute. Title 18, Section 3582(g) of the United States Code provides a minimum sentence of 12 months— one-third of the initial period of supervised release—for the instant revocation. Assuming without deciding that the district court correctly adopted a maximum sentence of 24 months from 18 U.S.C. § 3582(e)(3), the district court was faced with a sentencing range of 12 to 24 months.

This court has previously held that rehabilitative factors may be considered by a district court when determining where to sentence within a particular guideline range.

> [T]he Sentencing Guidelines reject the rehabilitation model as a valid penological paradigm. The Guidelines recognize that the principal purpose of sentencing is punishment, creating sentencing ranges to effect this purpose. Even so, the Guidelines do not preclude consideration of a defendant's rehabilitative potential as a mitigating factor *within* an applicable range of punishment. Indeed, the Sentencing Guidelines expressly permit the district court to consider all relevant and permissible character traits of the defendant in assessing a sentence within a particular range.

**16.** The Ninth Circuit stated therein,

Section 3582 distinguishes between the determinations of whether to impose a term of imprisonment and of the actual length of the imprisonment. It admonishes the court to recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation. Once imprisonment is chosen as a punishment, however § 3582 does not prohibit consideration of correction and rehabilitation in determining the length of imprisonment. In fact, § 3553(a) includes "correctional treatment" as a factor to be considered in determining sentence length.

If Congress had intended to prohibit sentencing judges from considering correction and rehabilitation in setting the length of the sentence, it could have enacted a statute that admonished judges to recognize "that imprisonment or the length of imprisonment is not an appropriate means of promoting correction and rehabilitation." It did not enact such a statute in 18 U.S.C. § 3582. We decline to extend the prohibition in § 3582 to sentence length determinations.

*United States v. Lara–Velasquez,* 919 F.2d 946, 956 (5th Cir.1990) (emphasis in original); *see also United States v. Duran,* 37 F.3d 557 (9th Cir.1994).[16] The legislative history of the Comprehensive Crime Control Act of 1984 also indicates that the prohibition against considering rehabilitative needs relates to the decision of *whether to impose* imprisonment, not to the *length of the term* of imprisonment.[17]

This rationale is especially compelling in a revocation of supervised release context. When revoking supervised release the district judge is not resentencing the defendant. The type and the term of the sentence has already been determined by the sentencing judge. The supervising district judge is bound by the sentence previously imposed, and at revocation is merely converting all or a portion of the supervised release period into a term of imprisonment. Given the limited discretion available to the supervising district judge, and the fact that the sentencing range is fixed by statute, consideration of the § 3553(a) factors may be appropriate to fashion a sentence conforming to the purpose and intent of the original sentence, and that is within the boundaries established by the sentencing judge.

## C. Application

In the instant case, the district court was not faced with the question of whether or not

*United States v. Duran,* 37 F.3d at 560–61 (citations omitted).

**17.** *See* S.Rep. No. 225, 98th Cong., 2d Sess. 119 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3302,

Subsection (a) [18 U.S.C. § 3582] specifies, in light of current knowledge, that the judge should recognize, *in determining whether to impose a term of imprisonment,* "that imprisonment is not an appropriate means of promoting correction and rehabilitation." This caution concerning the use of rehabilitation as a factor to be considered in imposing sentence is to discourage the *employment of a term of imprisonment* on the sole ground that a prison has a program that might be of benefit to the prisoner. This does not mean, of course, that *if a defendant is to be sentenced to imprisonment for other purposes,* the availability of rehabilitative programs should not be an appropriate consideration, for example, in recommending a particular facility.

(emphasis supplied).

to sentence the Appellant to a term of imprisonment. Once the district court determined that Appellant violated his supervised release by possession of a controlled substance, revocation and imprisonment were mandatory. 18 U.S.C. § 3583(g). The sentencing district judge, and the relevant statutes, established the sentencing range within which the supervising district judge had to impose sentence.

■ We now hold that the language of 18 U.S.C. § 3583(g), and the purposes and intent behind the statute, is best served by permitting a district judge to consider a defendant's need for rehabilitation in arriving at a specific sentence of imprisonment upon revocation of supervised release. While we do not decide whether rehabilitative needs can be used to determine whether to *impose* imprisonment as an initial matter, once imprisonment is mandated by 18 U.S.C. § 3583(g) rehabilitative needs may be considered to determine the length of incarceration within the sentencing range.

## V. REASONABLENESS OF SENTENCE

■ We also reject Appellant's contention that a sentence of two years imprisonment was plainly unreasonable.[18] The district court was required to impose a sentence of at least twelve months pursuant to § 3583(g). Unlike the permissive revocation provision of § 3583(e)(3), the mandatory revocation provision of § 3583(g) does not provide any maximum sentence. Appellant would be subject to a maximum sentence of 24 months under § 3583(e)(3). It follows that imposing that same sentence under § 3583(g) cannot be plainly unreasonable. *See United States v. Headrick,* 963 F.2d at 782–83.

## VI. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

---

**18.** Because the policy statements of Chapter 7 are advisory only, a sentence that diverges from them is not a departure such that a district court has to provide notice or make specific findings

normally associated with departures under § 3553(b). *United States v. Mathena,* 23 F.3d at 93 n. 13.