**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 95-5591

LETARCHA D. MCGHEE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-93-117-F)

Submitted: January 16, 1996

Decided: May 15, 1996

Before WILKINSON, Chief Judge, and HALL and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, David J. Cortes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Letarcha McGhee appeals the revocation of her supervised release and the imposition of an eleven-month prison sentence. Finding no error, we affirm.

McGhee was found guilty of three counts of forgery and received a sentence of two months in prison and two years supervised release. When McGhee violated the terms of supervised release, the district court extended the term another year and ordered her to attend programs for drug dependency and vocational training. When McGhee again violated the terms of supervised release by using a controlled substance and failing to participate in a drug treatment program, the district court revoked the supervised release and imposed the eleven-month term of imprisonment. At the revocation hearing, the court provided the following reason for imprisoning McGhee:

> I think she needs drug abuse treatment or counseling. And the only question in my mind is how long it's going to take to get that counseling. . . . And I think she probably needs the 11 months, as opposed to the five, to get the assistance. In other words, it might be in her best interest, individually, if she's incarcerated for the longest period possible, in order that she can get drug abuse treatment, so that hopefully that she's in some sort of control of herself when she gets out. I mean . . . it's apparent that notwithstanding her first effort which went over a period of time, that she's having difficulty in dropping the drug habit.

McGhee claims the district court improperly considered her need for rehabilitation when it revoked the supervised release and determined her length of imprisonment. Her appeal is subject to the plain error standard of review, as she failed to raise the alleged error below. See United States v. Olano, 507 U.S. 725 (1993).

2

The district court did not err by considering McGhee's need for rehabilitation. The statute governing the imposition and revocation of rehabilitation expressly permits consideration of a defendant's need for rehabilitation. 18 U.S.C.A. § 3583 (West Supp. 1995). Section 3583(e) directs the court to consider the factors set forth in 18 U.S.C.A. § 3553(a) (West Supp. 1995), which include the defendant's need for "educational or vocational training, medical care, or other correctional treatment." Thus, the express language of § 3583 allowed the district court to consider McGhee's need for rehabilitation in revoking the supervised release and determining the length of imprisonment. See also United States v. Anderson, 15 F.3d 278 (2d Cir. 1994); United States v. Giddings, 37 F.3d 1091 (5th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3658 (U.S. Mar 6, 1995) (No. 94-7897).

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3