IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10560
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ANTHONY LINDSEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:90-CR-99-A
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

William Anthony Lindsey appeals from the revocation of his
supervised release and reincarceration.  Lindsey contends that
the district court abused its discretion by revoking his
supervised release and sentencing him to two years' imprisonment.
Lindsey argues that the appropriate penalty in his case was
reinstatement to supervised release with an order for the
Probation Office to provide him with mental-health treatment.

Lindsey did not argue in the district court that revocation
and reincarceration were inappropriate.  Rather, he acknowledged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

at the revocation hearing that the violations he admitted would result in the revocation of his supervised release and his reincarceration. Lindsey's contention that he should not have been returned to prison is reviewed, if at all, for plain error. *See United States v. Harrington*, 82 F.3d 83, 90 (5th Cir. 1996).

The district court was required to revoke Lindsey's supervised release. 18 U.S.C. § 3583(g)(1), (3). The 24-month term of imprisonment imposed by the district court was not a violation of law or plainly unreasonable. *United States v. Giddings*, 37 F.3d 1091, 1093 (5th Cir. 1994). Lindsey has failed to show error, plain or otherwise.

AFFIRMED.