IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50530
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAE H. HOLLENBECK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-18-ALL

_____
January 23, 2002

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tae H. Hollenbeck appeals the district court's order revoking his supervised

release and imposing a sentence of nine months' imprisonment. He contends that

the imposition of a term of imprisonment upon revocation of his supervised release

violated the "extradition treaty between Germany and the United States" because

the sentencing court sent him back to prison for "conduct that was not the subject of

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the original extradition."

Assuming arguendo that Hollenbeck has standing to raise this "specialty" issue,[1] the district court did not plainly err by ordering him imprisoned; nor did the sentence violate the United States-Germany extradition treaty. The "doctrine of specialty is concerned primarily with prosecution for different substantive offenses than those for which consent has been given, and not prosecution for additional or separate counts of the same offense."[2] When revoking supervised release, the district court is not resentencing the defendant; the type and term of the sentence has already been determined by the sentencing judge.[3] The judge is bound by the sentence previously imposed, and at revocation is merely converting all or a portion of the supervised release period into a term of imprisonment.[4] Hollenbeck was not imprisoned for new criminal conduct which was not authorized by his extradition. When he violated the terms of his supervised release, he subjected himself to sanctions for violating the conditions of his sentence for his original crime. He was not sentenced or punished for an offense for which he was not extradited.

Hollenbeck next contends that the district court abused its discretion in revoking his supervised release and in imposing a nine-month term of imprisonment, maintaining that the court was not specific in its findings about the violations

_____

[1]United States v. LeBaron, 156 F.3d 621, 627 (5th Cir. 1998).

[2]Id.

[3]United States v. Giddings, 37 F.3d 1091, 1096 (5th Cir. 1994).

[4]Id. See also United States v. Gonzalez, 250 F.3d 923, 928 (5th Cir. 2001) (supervised release is a component of defendant's total sentence).

justifying a sentence of imprisonment. He insists that his failure to maintain employment cannot be considered a reasonable basis to revoke his supervised release because he was unable to work due to his medical condition. He blames his failure to report and to notify his probation officer of his changes in residence on his medical condition. He also contends that the district court in effect punished him for failure to be able to pay for the consumer credit counseling class, in violation of Bearden v. Georgia.[5]

Our review of the record persuades that the district court did not abuse its discretion in determining that Hollenbeck violated any or all of the four conditions of his supervised release. As for his insistence that the district court abused its discretion because it "simply said that Hollenbeck violated the terms of his supervised release" and did not consider the factors set forth in 18 U.S.C. § 3553(a), the implicit consideration of these statutory factors is sufficient.[6]

The district court did not revoke Hollenbeck's supervised release and order him imprisoned solely because he did not attend consumer credit counseling. He did not plead inability to pay for the counseling as the reason for his non-attendance until the hearing; rather, he failed to show up for the initial consumer credit counseling visit, at which time, according to the record herein, financial arrangements could have been made.

Hollenbeck does not suggest that the district court's sentence is in violation of

---

[5]461 U.S. 660 (1983).

[6]United States v. Pena, 125 F.3d 285 (5th Cir. 1997).

law. His only challenge to the sentence appears to be that the court should have allowed for vocational and medical treatment rather than confinement. He maintains that because of his medical condition and his inability to work, the district court should not have ordered him imprisoned. Given the evidence of record that Hollenbeck failed to keep his probation officer informed of his whereabouts and failed to report as ordered, the district court's sentence of imprisonment was not plainly unreasonable.[7]

AFFIRMED.

---

[7]Giddings, 37 F.3d at 1093.