United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40872
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE DEDOW,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-2-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wayne Dedow appeals his sentence following the revocation of his supervised release term relating to Dedow's 1993 guilty plea conviction for conspiracy to distribute more than 100 kilograms of marijuana. Dedow argues that 1) his 35-month prison sentence is unauthorized and excessive, 2) the district court erred by imposing a "new" 13-month term of supervised release, and 3) his attorney rendered ineffective assistance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Based on his underlying drug conspiracy conviction, Dedow's 35-month sentence did not exceed the statutory maximum under 18 U.S.C. § 3583(e)(3) and was therefore legally imposed. See United States v. Giddings, 37 F.3d 1091, 1093 (5th Cir. 1994). Dedow's challenge to his 13-month term of supervised release, raised for the first time on appeal, is foreclosed by Johnson v. United States, 529 U.S. 694, 702-03, 712-13 (2000). Accordingly, Dedow's argument does not survive plain error review. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Dedow's ineffective assistance of counsel arguments were not presented to the district court, and Dedow fails to identify portions of the record that provide substantial details about his attorney's conduct. We therefore decline to address those issues on direct appeal. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).

AFFIRMED.