United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30675
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FARICE DAIGLE, JR.,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:92-CR-60032-3-TLM
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Farice Daigle, Jr., appeals the sentence imposed following the district court's revocation of his term of supervised release. Daigle was sentenced to a term of imprisonment of 36 months, to be followed by a 24-month term of supervised release.

Daigle argues that he was denied due process during the revocation hearing because, despite his objections, the district court relied on evidence of his anger management problem.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Daigle had no due process right to notice of the evidence that the district court might rely on to exceed the recommended guidelines range and impose the statutory maximum sentence. Daigle received sufficient notice that he faced a 36-month sentence by virtue of the statute under which he had been convicted. See 18 U.S.C. § 3583(e)(3). The district court did not deprive Daigle of due process in considering evidence that was not disclosed to him prior to the hearing.

Daigle argues that the sentence imposed, which was the statutory maximum, was plainly unreasonable in light of his relatively minor violations of the conditions of his supervised release. He argues that the district court failed to give proper consideration to the recommended guideline range and that the district court could have required him to receive anger management counseling as a condition of supervised release. He also argues that the sentence is unreasonable. Daigle concedes that he failed to raise these issues in the district court and that these issues are subject to plain error review. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

The district court gave consideration to the recommended guideline sentence, but determined that it was not sufficient in light of Daigle's behavior during the period of supervised release. The district court was not bound by the recommended guidelines. See United States v. Mathena, 23 F.3d 87, 92-93 (5th

Cir. 1994). The district court properly considered Daigle's need for counseling in determining his sentence. <u>United States v. Giddings</u>, 37 F.3d 1091, 1097 (5th Cir. 1994). Daigle received the statutory maximum sentence, which was not error in light of the evidence presented at the revocation hearing. The district court did not plainly err in imposing that sentence. The sentence is AFFIRMED.

The written judgment, however, erroneously reflects that the district court found that Daigle had violated all conditions of supervised release as alleged in the revocation petition. The case is REMANDED to the district court to amend the written judgment to conform to the oral findings made by the district court at the conclusion of the revocation hearing. <u>See</u> <u>United States v. Martinez</u>, 250 F.3d 941, 942 (5th Cir. 2001).

Daigle's motion to supplement the record to show that he had received a Certificate of Achievement for successfully completing an Anger Management Program is GRANTED.

AFFIRMED; REMANDED TO AMEND THE WRITTEN JUDGMENT.