[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2007
THOMAS K. KAHN
CLERK

No. 06-13220
Non-Argument Calendar
_____

D. C. Docket No. 94-00129-CR-J-25-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MARK POLKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 15, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

John Mark Polke appeals his 21-month sentence for violating the conditions of his supervised release.  See 18 U.S.C. § 3583(g).  Polke argues that his sentence is procedurally and substantively unreasonable.  We affirm.

## I.  BACKGROUND

After serving an 84-month sentence of imprisonment based on a conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g), Polke began a three-year term of supervised release on December 13, 2000.  Among the conditions of Polke's supervised release were that he not commit a federal, state, or local crime or illegally possess a controlled substance, firearm, or destructive device.  On August 29, 2003, the district court revoked Polke's supervised release and sentenced him to one day of imprisonment and 23 months of supervised release subject to the same conditions as his previous release.

On May 24, 2005, Polke was arrested after he fled the scene of a stabbing, and crack cocaine was found in the squad car after his arrest.  The government petitioned to revoke Polke's supervised release.  At the revocation hearing, the district court found that Polke had violated the conditions of his supervised release by possessing cocaine and resisting arrest without violence, a Grade B violation.  Polke's criminal history category was VI, and the advisory Sentencing Guidelines range for his sentence of imprisonment was 21 to 27 months.  U.S.S.G. § 7B1.4(a).

2

The district court revoked Polke's supervised release and imposed a sentence of 21 months.

## II.  STANDARDS OF REVIEW

We review <u>de novo</u> the interpretation of sentencing provisions governing revocation of supervised release.  <u>See</u> <u>United States v. Quinones</u>, 136 F.3d 1293, 1294 (11th Cir. 1998).  We review for plain error a sentencing argument raised for the first time on appeal.  <u>United States v. Aguillard</u>, 217 F.3d 1319, 1320 (11th Cir. 2000).  We review for reasonableness a sentence imposed for violating a condition of supervised release.  <u>United States v. Sweeting</u>, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

## III.  DISCUSSION

Polke argues for the first time on appeal that his sentence is procedurally unreasonable because the district court failed to calculate and determine the Guidelines range and consider the statutory sentencing factors, 18 U.S.C. § 3553(a).  This argument fails.  Because the district court found that Polke possessed a controlled substance, Polke was subject to mandatory revocation and imprisonment.  18 U.S.C. § 3583(g)(1).  When a court decides to revoke supervised release under 18 U.S.C. § 3583(e), the court must consider the sentencing factors under section 3553(a), <u>United States v. White</u>, 416 F.3d 1313,

1318 (11th Cir. 2005), but "'when revocation of supervised release is mandatory, under 18 U.S.C. § 3583(g), the statute does not <u>require</u> consideration of the § 3553(a) factors.'" <u>United States v. Brown</u>, 224 F.3d 1237, 1241 (11th Cir. 2000) (quoting <u>United States v. Giddings</u>, 37 F.3d 1091, 1095 (5th Cir. 1994)). The district court did not commit plain error when it sentenced Polke.

Polke also argues that his sentence is substantively unreasonable because he was within two months of completing his term of supervised release, he had maintained steady employment and a steady residential address, he had not tested positive for drugs, and he had recently become a father. We disagree. Polke's sentence at the low end of his proffered calculation of the advisory Guidelines range takes into account these mitigating facts but reflects that Polke had repeatedly violated the terms of his supervised release and had an extensive history of recidivism. Under our deferential review, <u>see, e.g.</u>, <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005), we cannot say that Polke's sentence is unreasonable.

## IV. CONCLUSION

Polke's sentence is

**AFFIRMED.**