# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-40215
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROGELIO BAZAN GARZA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-418-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rogelio Bazan Garza was convicted of one charge of transporting an illegal alien within the United States, and the district court sentenced him to serve 37 months in prison and a two-year term of supervised release. Bazan Garza appeals his sentence. He argues that his sentence is unreasonable because it is the result of an erroneous balancing of the 18 U.S.C. § 3553(a) factors. Specifically, he contends that the district court failed to give sufficient mitigating weight to his history of mental illness and improperly relied on this factor to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support its chosen term of imprisonment, which was contrary to 18 U.S.C. § 3582(a). Bazan Garza also challenges this court's application of a rebuttable presumption of reasonableness to a sentence that falls within the defendant's guidelines range.

Our review of the record shows no clear error in connection with the district court's exercise of its broad sentencing discretion. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), cert. denied, 128 S. Ct. 163 (2007). Bazan Garza's § 3582 argument is likewise nonpersuasive, as the record reflects that the district court gave proper weight to Bazan Garza's need for treatment. See United States v. Giddings, 37 F.3d 1091, 1096 & n.17 (5th Cir. 1994); United States v. Lara-Velasquez, 919 F.2d 946, 956 n.13 (5th Cir. 1990). Bazan Garza's challenge to the presumption of reasonableness is unavailing. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Bazan Garza has failed to show error in connection with his sentence. Consequently, the judgment of the district court is AFFIRMED.