[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10658
Non-Argument Calendar

_____

D. C. Docket No. 01-00138-CR-J-20-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY L. WELLS,
a.k.a. Amp,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2008)

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Anthony L. Wells, through counsel, appeals from his 60-month sentence for

violation of supervised release.  On appeal, Wells argues that the sentence imposed

by the district court was unreasonable because: (1) the district court should have considered the policy statements contained in U.S.S.G. Chapter 7 of the Sentencing Guidelines, even though they are not binding on the district court; and (2) the district court failed to consider the factors listed in 18 U.S.C. § 3553(a). After thorough review, we affirm.

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Reasonableness "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect

2

conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Where a defendant under supervised release possesses a controlled substance, he is subject to mandatory revocation of his supervised release and a prison term not in excess of the statutory maximum. 18 U.S.C. § 3583(g)(1). We have previously determined that when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors. See United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000) (holding that where revocation of supervised release is mandatory under 18 U.S.C. 3583(g)(1), the district court is not required to consider the § 3553(a) factors) (citing United States v. Giddings, 37 F.3d 1091, 1095 (5th Cir. 1994)).

---

the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Although not mentioned by the district court, Wells's revocation was mandatory under 18 U.S.C. § 3583(g)(1). Thus, to the extent that Wells argues that the district court did not adequately consider the § 3553(a) factors in sentencing him, that argument fails because the district court was not required to consider those factors as Wells's revocation for drug possession was mandatory. Brown, 224 F.3d at 1241.

However, even if the district court were required to consider the § 3553(a) factors, the record reflects that the district court did consider them, and further, that Wells's sentence was not unreasonable in light of those factors. Prior to imposing sentence, the district court acknowledged the recommended Guidelines range and stated that it had considered the statements of the parties and the information contained in the violation report. Indeed, "the district court need only acknowledge that it considered the § 3553(a) factors, and need not discuss each of these factors in either the sentencing hearing or in the sentencing order." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S. Ct. 671 (2007) (internal quotation and punctuation omitted); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). Moreover, the district

court made clear that the sentence was intended to deter Wells from future criminal conduct, and to protect the public from Wells. Since the record demonstrates that the district court considered the § 3553(a) factors prior to imposing Wells's 60-month sentence, his sentence is not unreasonable.

**AFFIRMED**.