# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2010

No. 09-10611
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD BITELA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-53-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Bitela appeals the sentence imposed after he admitted violating conditions of his five-year term of supervised release. The district court imposed a 28-month sentence so Bitela could participate in a residential drug-abuse treatment program (RDAP). The court said it had received notice from the Bureau of Prisons (BOP) that a 28-month sentence would be required in order to schedule a prisoner for the RDAP. Bitela argues that the court failed to observe that imprisonment is not an appropriate means to promote

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rehabilitation and that his 28-month sentence was plainly erroneous because a 24-month sentence "ordinarily" suffices for RDAP eligibility.

We review only for plain error because Bitela offered no objection to the revocation sentence in the district court. *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, Bitela must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See id.*

Bitela concedes that *United States v. Giddings*, 37 F.3d 1091 (5th Cir. 1994), forecloses his argument against imposing incarceration for the sole purpose of rehabilitation. Regardless, the record indicates that Bitela's incarceration was intended to protect the public as well as Bitela, so rehabilitation was not the sole ground for Bitela's imprisonment.

A prisoner's need for rehabilitation is a valid consideration in selecting the length of a sentence of imprisonment on revocation of supervised release. *Id.* at 1094-97. Bitela fails to show that the court committed a clear or obvious error by relying on notice from the BOP that a 28-month sentence would be necessary to schedule Bitela for the RDAP. Moreover, any sentence up to the statutory maximum sentence available on revocation of supervised release is not plainly erroneous. *See Jones*, 484 F.3d at 792-93; 18 U.S.C. § 3583(e)(3). Bitela's sentence was above the advisory guidelines range, but it was below the statutory maximum sentence. Because the sentence was explicitly authorized by law, it was not plainly erroneous. *See Jones*, 484 F.3d at 792-93. The judgment of the district court is AFFIRMED.