[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12825
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-00011-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE JERWON FREEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 22, 2010)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Jermaine Jerwon Freeman, through counsel, appeals the district court's mandatory revocation of his supervised release, and its imposition of an above-guidelines sentence of 60-months' imprisonment, following his admission that he violated the conditions of his supervised release, in violation of 18 U.S.C. § 3583(g)(1). Freeman raises four issues on appeal. First, he contends that his admission that he violated the terms of his release was not knowing and voluntary because the district court incorrectly informed him that its decision to revoke his supervised release and impose a sentence following his admission was discretionary, rather than mandatory. Second, he argues that, because his plea was not knowing and voluntary, the district court erred in denying his motion to withdraw his plea. Third, Freeman asserts that the district court violated 18 U.S.C. § 3553(c)(2) by not specifically stating its reasons for imposing an above-guidelines sentence. Finally, Freeman argues that his sentence was procedurally and substantively unreasonable. We address each of these issues in turn.

## I.

When a defendant fails to raise an objection in the district court that his plea was not knowing and voluntary, we review for plain error only. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003). Thus, the defendant "must show that there is (1) error (2) that is plain and (3) that affects substantial rights,"

2

and that "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and alteration omitted).

Fed. R. Crim. P. 11 is generally not applicable to supervised release revocation proceedings. *See, e.g., United States v. Johns*, 625 F.2d 1175, 1176 (5th Cir. 1980) (holding that the district court did not err in failing to address the defendant personally to determine whether she understood the rights she was waiving by admitting that she violated the conditions of her probation). However, "[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements." *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994) (citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 484 (1972) (stating in a parole revocation case that "the same protections granted those facing revocation of parole are required for those facing the revocation of supervised release.")). The minimum requirements of due process include (1) written notice of the claimed violations, (2) disclosure of evidence, (3) opportunity to be heard in person and present evidence, (4) the right to confront witnesses, (5) a neutral and detached decision maker, and (6) a written statement by the decision maker setting forth the evidence upon which it relied and its reasons for revoking supervision. *Morrissey v. Brewer*, 408 U.S. 471, 488-89, 92 S. Ct. 2593, 2604 (1972).

A district court may revoke a defendant's supervised release if it finds "by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (quoting 18 U.S.C. § 3583(e)(3)), *petition for cert. filed* (U.S. Aug. 26, 2010) (No. 10-6182). If a defendant possesses a controlled substance in violation of the terms of his supervised release, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment . . . ." 18 U.S.C. § 3583(g)(1).

Because the record demonstrates that Freeman did not properly raise an objection to his plea admission in the district court, we review his challenge for plain error only. *See Lejarde-Rada*, 391 F.3d at 1290. Even assuming, *arguendo,* that the district court committed plain error, such error did not affect Freeman's substantial rights. The district court afforded Freeman all the minimal due process rights set forth in *Morrissey*, and questioned Freeman to ensure that his admission was knowing and voluntary. Further, because the two violations Freeman admitted to involved videotaped drug sales to confidential informants, the district court could have found, by a preponderance of the evidence, that Freeman had violated the terms of his supervised release, even without his admission. Accordingly, we affirm the district court's judgment with regard to this issue.

4

## II.

We must review *sua sponte* whether we have jurisdiction over an appeal and review such jurisdictional issues *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days *after* . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i)(emphasis added). The appellate rules sets forth an exception to this general rule when a criminal defendant files a timely motion for either a judgment of acquittal under Rule 29, a new trial under Rule 33, or an arrest of judgment under Rule 34. Fed. R. App. P. 4(b)(3)(A). In those instances, "[a] notice of appeal filed after the court announces a decision, sentence, or order—but before it disposes of [the] motion[]" . . . "is effective—without amendment—to appeal from an order disposing of the motion[]." Fed. R. App. P. 4(b)(3)(B), (C).

Because the record demonstrates that Freeman failed to either amend his notice of appeal or file a separate notice of appeal within 14 days after the district court denied his motion to withdraw his plea, and entered "the order being appealed," that order is not within the scope of this appeal. Accordingly, we dismiss this issue for lack of jurisdiction.

III.

We review *de novo* whether a district court complied with the provisions of 18 U.S.C. § 3553(c). *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006). However, even if the district court commits an error, the sentence should be affirmed if the error was harmless. *United States v. Mathenia*, 409 F.3d 1289, 1291-92 (11th Cir. 2005). "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." *Id.* at 1292 (internal quotation marks and alteration omitted). "If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *Id.* (internal quotation marks and alterations omitted).

"[A] sentencing court 'shall state in open court the reasons for its imposition of a particular sentence, and if the sentence . . . is not of the kind, or is outside the range, described in [18 U.S.C. § 3553](a)(4), the specific reason for imposition of a sentence different from that described.'" *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) (citing 18 U.S.C. § 3553(c)(2)). The court's reasons "must also be stated with specificity in a statement of reasons form . . . ." 18 U.S.C. § 3553(c)(2).

6

Because the district court failed to specify its reasons for imposing an above-guidelines sentence in a statement of reasons form, it failed to comply with the provisions of 18 U.S.C. § 3553(c)(2). We conclude, however, that this error was harmless, because the court explained, in its oral pronouncement, that Freeman's case warranted an above-guidelines sentence because he had received a reduced sentence for his original offense, and because of his "continued drug distribution." Thus, because the district court's error had no effect on Freeman's ultimate sentence, it was harmless. As a result, we affirm on this issue.

IV.

We review the sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). In reviewing the reasonableness of a sentence, we conduct a two-step review. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). First, we must ensure that the sentence was procedurally reasonable, meaning the district court (1) properly calculated the guideline range, (2) treated the guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not select a sentence based on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Id*. The court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United*

*States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (internal quotation marks omitted). Rather, the court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *See id.* Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 56, 128 S. Ct. at 597, 600. The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *Talley*, 431 F.3d at 788.

When a term of supervised release is revoked pursuant to 18 U.S.C. § 3583(e), the statute requires only that certain § 3553(a) factors be considered in determining the sentence. *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000). These include (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the applicable guideline range; (4) the pertinent policy statements of the Sentencing Commission; (5) and the need to deter criminal conduct, protect the public from the defendant's future criminal conduct, provide the defendant with needed educational training or medical care, avoid unwarranted sentencing disparities, and provide restitution to victims. 18 U.S.C. §§ 3553(a), 3583(e).

"However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors." *Brown*, 224 F.3d at 1241 (quoting *United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir. 1994)).  Thus, when a defendant is sentenced to a mandatory term of imprisonment, pursuant to § 3583(g), the only limitation is that the term of imprisonment must not "exceed the maximum term of imprisonment authorized under [§ 3583](e)(3)," which, when the original offense was a class A felony, is five years' imprisonment.  *See* 18 U.S.C. § 3583(e)(3), (g).  When a sentencing court is determining the appropriate term of imprisonment following the revocation of a defendant's supervised release, the Sentencing Commission has advised that "[w]here the original sentence was the result of a downward departure (*e.g.* as a reward for substantial assistance), . . . an upward departure may be warranted."  U.S.S.G. § 7B1.4, comment. (n.4).

We conclude from the record that the district court was not required to consider the § 3553(a) factors in determining Freeman's sentence because his supervised release was mandatorily revoked pursuant to § 3583(g)(1), and, thus, to the extent that the court failed to consider the factors, such failure did not render Freeman's sentence procedurally unreasonable.  Because Freeman's 60-month sentence, which represented the statutory maximum sentence set forth in

9

§ 3583(e)(3), complied with the limitations of § 3583(g), we conclude that it was procedurally reasonable. *See* 18 U.S.C. § 3583(e)(3), (g).  Further, we conclude that Freeman's sentence was substantively reasonable because it was supported by the § 3553(a) factors.

For the aforementioned reasons, we affirm in part and dismiss in part.

**AFFIRMED IN PART, DISMISSED IN PART.**