**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 26, 2011

Lyle W. Cayce
Clerk

No. 10-50382
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER LEONARDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1079-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Walter Leonardo appeals the within-guidelines sentence imposed upon his guilty plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. Leonardo argues that his sentence is unreasonable in that the illegal reentry guideline, U.S.S.G. § 2L1.2, produced a guideline range that was greater than necessary to reflect the seriousness of his offense or to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). He argues that this is so because § 2L1.2 lacks an empirical basis. Leonardo contends that § 2L1.2 gave too much weight to his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for aggravated assault with a deadly weapon (1) because the conviction was accounted for in both his offense level and his criminal history score, and (2) because the conviction is too old. He contends that the advisory guideline range did not account for his motive for reentering this country, i.e., to see his son, or his terrible childhood and his serious mental health problems.

At sentencing, the district court found that a fair and reasonable sentence could be achieved with a sentence within the advisory guideline range. The district court noted the seriousness of the aggravated assault with a deadly weapon offense after the Government pointed out that a police officer was hit with a motor vehicle. The court noted that Leonardo committed that offense after his convictions for burglary of a vehicle with intent to commit theft and DWI, neither of which was counted in his criminal history score. The district court heard counsel's arguments regarding Leonardo's difficult childhood and his need for mental health treatment, stating that the availability of treatment in the Bureau of Prisons and Leonardo's obvious need for such treatment were part of the reasons for the length of the sentence.

The district court gave sufficient reasons for imposing a within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Leonardo has not rebutted the presumption of reasonableness applicable to his within-guidelines sentence. *See id.* at 347. Therefore, he has not shown that the district court abused its discretion in imposing a sentence within the applicable guidelines range. *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007).

Leonardo concedes that circuit precedent forecloses his arguments (1) that the lack of an empirical basis for § 2L1.2 means that the appellate presumption of reasonableness applicable to within-guidelines sentences should not be applied, and (2) that the district court erred by making his need for mental health treatment the gauge of the appropriate length of imprisonment. *See*

No. 10-50382

*United States v. Campos-Maldonado*, 531 F.3d 337 (5th Cir. 2008); *United States v. Giddings*, 37 F.3d 1091, 1096 (5th Cir. 1994).

AFFIRMED.