11-493-cr
USA v. Yelverton

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

Present:
>ROBERT A. KATZMANN,
>BARRINGTON D. PARKER,
>>*Circuit Judges*,
>JANE A. RESTANI,
>>*Judge*.*

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                      No. 11-493-cr

MICHAEL YELVERTON,

>*Defendant-Appellant*,

---

For Appellee:                     RAJIT S. DOSANJH (Daniel Hanlon, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y.

---

\* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

For Defendant-Appellant:     LISA A. PEEBLES, Acting Public Defender (Molly K. Corbett, Research & Writing Assistant, *on the brief*), Office of the Federal Public Defender for the Northern District of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Michael Yelverton appeals from a January 10, 2011 judgment of the district court, issued after defendant's entry of a guilty plea, finding that defendant violated the terms of his supervised release and sentencing him principally to five months' imprisonment and two years of supervised release. On appeal, Yelverton argues that the district court's imposition of a two-year term of supervised release was substantively unreasonable. We assume the parties' familiarity with the facts and procedural history of this case.

We review a sentence for a violation of the terms of supervised release using "the same standard as for sentencing generally." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). The substantive reasonableness of the sentence and the procedures employed in arriving at the sentence are reviewed under a deferential "abuse-of-discretion standard." *United States v. Hasan*, 586 F.3d 161, 167-68 (2d Cir. 2009). "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

In challenging the district court's substantive determination, Yelverton argues principally that the imposition of a two-year term of supervised release was greater than necessary to

2

comply with the purposes outlined in 18 U.S.C. § 3553(a) because the district court also imposed a term of imprisonment as part of its sentence.  He maintains that "[t]he additional supervised-release term rendered the sentence of Mr. Yelverton unreasonable because the prison term was adequate punishment for the violations, and the record failed to indicate the additional supervised release would accomplish anything, especially when the district court could not articulate reasons for the additional term."  Def.'s Br. 14.

This argument is without merit.  It is abundantly clear from the record that the district court's decision to impose a two-year term of supervised release in addition to a five-month term of imprisonment was well within the range of permissible decisions.  The district court expressly considered the factors under 18 U.S.C. § 3553(a) and reasonably concluded that the sentence imposed was sufficient, but not greater than necessary to comply with the purposes set forth under that provision.  For example, the district court noted Yelverton's responsibilities to his son and to his fiancee, and expressed its hope that a term of supervised release would help Yelverton stay away from further criminal activity.  The district court explained that the purpose of supervised release was not to "catch" him, but rather to help him avoid further wrongdoing, including by requiring him to participate in a substance-abuse program that provided for drug testing and treatment.  App. 65, 71, 87-89.  The record therefore demonstrates  that the district court imposed the term of supervised release primarily to deter Yelverton's further criminal conduct and "to provide [Yelverton] with needed . . . medical care . . . or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2)(B), (D); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); *United States v. Anderson*, 15 F.3d 278, 282 (2d Cir. 1994)

3

(noting that courts may consider "medical and rehabilitative needs of the offender" in setting term of supervised release).  In addition, the length of the term of supervised release was eminently reasonable in light of Yelverton's history of repeated violations.  *See* 18 U.S.C. § 3583(c) (directing courts to consider "history and characteristics of the defendant" under § 3553(a)(1) when determining length of supervised release term); 18 U.S.C. § 3583(a)(2)(A) (directing courts to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").

We have considered Yelverton's remaining arguments and find them to be without merit.  For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK